## PAGE v. STUBBS.

**Fraud:** ATTORNEY. Fraud will not be imputed in the purchase of real estate by an attorney, at a sale under execution in favor of his client, when the latter had announced his inability to pay the costs and taxes, and had instructed his attorney to bid it off in his own name, to reimburse himself for advances of money and costs.

*Appeal from Clarke District Court.*

TUESDAY, OCTOBER 20.

SUIT in equity to set aside a conveyance of real estate, made by the sheriff to the defendant, upon a sale under execution issued upon a mortgage foreclosure judgment in favor of this plaintiff against P. S. Wilson, and to set aside an assignment of the judgment. The plaintiff alleges that defendant was his attorney in obtaining such judgment and, by fraud at the sale, purchased the same in his own name. The defendant admits that he and his partner were the attorneys for plaintiff and obtained the judgment, and that he bid off the land in his own name, but denies all fraud, and avers that it was so done by agreement with plaintiff; that he claims nothing by the assignment of the judgment, and tenders a re-assignment. Judgment for plaintiff. The defendant appeals.

*H. B. Hendershott*, for appellant.

*W. M. Wilson*, and *Chaney & Beeson*, for appellee.

COLE, J.—This judgment must be reversed. The plaintiff has failed to show any fraud or unfairness whatever on the part of the defendant; but on the contrary, it appears that

the defendant, in making the purchase, acted in accord with the request and directions of plaintiff. And the bare fact that he had been, or was then, the attorney for plaintiff, will not alone, in the absence of any proof of unfairness, entitle the plaintiff to set aside his contract or arrangement with him; especially after the lapse of several years.

We simply state a few of the leading facts disclosed by the evidence. Plaintiff had à note, secured by mortgage on the land in controversy, situated in Clark county, for $191, due Dec. 25, 1858, both executed by P. S. Williams to him. Plaintiff placed the same, for collection, in the hands of Stubbs & McCoid, of Jefferson county, where plaintiff also resided, Feb. 1, 1865. On Oct. 7, 1865, judgment was obtained on service by publication. This defendant several ,times urged the plaintiff to furnish the money to pay the costs, in order that the land might be sold under the judgment; informing him that, unless he did do so, probably it would be sold for taxes and the claim wholly lost. After repeated interviews about it, this plaintiff, alleging that he was unable to raise the money to pay the costs or taxes, urged this defendant to have the land sold at his own cost and expense, and to bid it off in his name; that plaintiff was not going to do anything more with it, or pay any more money upon it, and if this defendant could make his costs out of the land to do it. Acting upon this request and agreement, the defendant had the land sold April 9, 1867. There were competing bids at the sale, and the land was struck off to this defendant at sixty dollars, and he has paid the costs, taxes then delinquent, and the fee to his partner. This action was not commenced until about four years and a half after the sale to the defendant; and it also appears from the evidence that the action is being prosecuted at the instigation and costs of other parties than the plaintiff.

About a year and a half after the sale of the land to the defendant, he was threatened with litigation respecting it, and to secure himself more effectually, he procured the plaintiff to assign to him the judgment and the note and mortgage upon which it was rendered, in consideration of a

release of all fees and the return of five dollars, originally advanced by plaintiff to pay costs. The litigation was never had, so far as shown by this record, and this defendant has re-assigned the judgment, note and mortgage to the plaintiff herein.

To set aside the defendant's title under the circumstances proved, would be to allow the plaintiff to take advantage of his own fair and voluntary contract, after the other party had advanced his money and taken the chances of loss, and after the lapse of years which have developed the possibility of gain.

REVERSED.